UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM A.,[1]                                                      3:22-cv-1711-JR

          Plaintiff,                                          OPINION & ORDER

     v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Russo, Magistrate Judge:

     Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final

decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability

beginning October 1, 2012,[2] due to agoraphobia, generalized anxiety disorder, panic disorder,

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

[2] Plaintiff's application for benefits listed his disability onset date as January 1, 2008. Plaintiff subsequently amended that date to October 1, 2012. *See* Pl. Br. at 2.

PTDS, and depression. Tr. 186. In 2017, an Administrative Law Judge (ALJ) found plaintiff was not disabled. Tr. 39-65. Plaintiff appealed and in December 2019, plaintiff's case was remanded for further proceedings. Tr. 529. In February 2020, the Appeals Council instructed the ALJ to conduct a new hearing and take any further action needed to issue a new decision. Tr. 532.

After a hearing held on March 31, 2022, a new ALJ determined plaintiff was not disabled. Tr. 426-45. Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons for discounting plaintiff's symptom testimony, failing to properly evaluate the medical opinion of examining Doctor Reynolds, and rejecting the nonmedical opinions of NP Smith, NP Bush, and Ms. Johansson.

A.     Plaintiff's Symptom Testimony

Plaintiff argues the ALJ failed to provide clear and convincing reasons supported by substantial evidence in discounting his symptom testimony. Pl. Br. at 11; *see Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (an ALJ must offer clear and convincing reasons for rejecting a claimant's testimony about their symptom severity). Specifically, plaintiff alleges the ALJ's reasons for rejecting his testimony relied on a selective summary of the evidence in the record, and that the evidence of record fully supports plaintiff's testimony. Pl. Br. at 33-34. However, as the Commissioner points out, plaintiff failed to identify any specific error beyond the general allegation that "ample evidence" supports his symptom testimony. Def. Br. at 13; Pl. Br. at 34. Instead, plaintiff now invites the Court to reweigh the record evidence and reach a different conclusion. The Court declines to do so. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ's").

Page 2 – OPINION & ORDER

Even if the Court were to engage in reweighing of the evidence, the ALJ provided clear and convincing reasons supported by substantial evidence for discounting plaintiff's testimony. To start, the ALJ noted that plaintiff had engaged in substantial gainful activity during the adjudicative period. Tr. 438. *See* 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3) (ALJ's will consider all evidence of prior work record); *see also Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (an ALJ may consider any work activity when determining whether a claimant is disabled). Indeed, plaintiff had seventeen months of earning above substantial gainful activity levels (SGA). Tr. 717-19; 726. At his 2022 hearing, plaintiff testified he was working at a medical marijuana facility. Tr. 459. Plaintiff's work history is substantial evidence of his ability to work, and the ALJ did not err in concluding as such.

The ALJ noted plaintiff's treatment history was inconsistent with his symptom testimony. For example, the ALJ noted plaintiff was at times noncompliant with treatment and treatment recommendations. Tr. 435, 286. However, when compliant with his treatment, plaintiff reported that his symptoms improved. Tr. 288, 435, 436, 782. Thus, the ALJ's reasons for discounting plaintiff's testimony is discernable, and the ALJ did not err in discounting plaintiff's subjective symptom testimony.

B.      Medical Opinion Evidence

Plaintiff argues the ALJ failed to properly evaluate the medical opinion of Rosemarie Reynolds, Ph.D. For disability applications filed before March 27, 2017, an ALJ is required to evaluate and explain how each medical opinion received is weighed. 20 C.F.R. §§ 404.1527(c); 416.927(c). Additionally, medical opinions from examining doctors are generally given greater weight than the opinions of non-examining doctors. 20 C.F.R. §§ 404.1527(c)(1); 416.927(c)(1).

Page 3 – OPINION & ORDER

In September 2016, Dr. Reynolds conducted a consultative psychodiagnostics examination of plaintiff at the request of the agency. Dr. Reynolds opined that plaintiff was moderately limited in his ability to interact appropriately with the public, supervisors, and coworkers. Tr. 359. The ALJ afforded Dr. Reynolds' opinion some weight but concluded that plaintiff's ability to "establish rapport [sic]" and "interact appropriately" with Dr. Reynolds and his other medical providers was persuasive evidence that plaintiff was less limited socially than Dr. Reynolds opined. Tr. 440.

Plaintiff now asserts the ALJ's failure to include a limitation in the RFC to interactions with supervisors amounts to reversible error. According to plaintiff, the record contains many examples in which plaintiff's ability to interact with authority figures was limited. Pl. Br. at 23-24, citing Tr. 282, 286, 277, 391, 308, 375, 368, 780, 776, 773, 636, 768. Nevertheless, as the Commissioner points out, Dr. Reynolds' opinion conflicted with other medical opinions in the record, and it is the ALJ's responsibility to resolve conflicts in medical testimony. *Ford*, 950 F.3d at 1149 (the ALJ is responsible for resolving conflicts between medical opinions and ambiguities in the record). When medical opinions are in conflict, the ALJ must provide "specific and legitimate" reasons supported by substantial evidence, to reject the opinion of an examining doctor. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, the ALJ provided specific and legitimate reasons supported by substantial evidence for discounting Dr. Reynolds' opinion as to plaintiff's ability to interact with supervisors. Specifically, the ALJ noted that plaintiff's own examination records showed he was able to interact appropriately with Dr. Reynolds and other medical providers. Additionally, the ALJ pointed out that plaintiff was able to successfully work at above SGA levels for seventeen months after his alleged onset date and had recently accepted a position at a medical marijuana facility. Tr. 438. Therefore, the ALJ's conclusions as to plaintiff's ability to interact with supervisors is reasonable.

Page 4 – OPINION & ORDER

C.      Medical Source Opinions

Plaintiff argues the ALJ failed to properly evaluate the medical source statements of Shannon Smith, PMHNP, Elizabeth Bush, PMHNP, and Penny Johansson, LCSW. For claims filed before March 27, 2017, healthcare providers who are not acceptable medical sources, including nurse practitioners and licensed clinical social workers, are considered other medical sources. 20 C.F.R. §§ 404.1502(d), 416.902(d).[3] An ALJ must consider the opinions of medical providers who are not within the definition of "acceptable medical sources." *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017); 20 C.F.R. §§ 404.1527(b), (f); 416.927(b), (f). An ALJ "may give less deference to 'other [medical] sources' only if the ALJ gives reasons germane to each witness for doing so." *Revels*, 874 F.3d at 655 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)). Here, the ALJ provided sufficiently germane reasons for giving little weight to the medical source statements of NP Smith, NP Bush, and LCSW Johansson.

    1.    NP Smith

NP Smith provided two written statements in support of plaintiff's disability application. In October 2014, NP Smith wrote that plaintiff "has struggled at times with being very depressed, having panic attacks, suffering from hallucinations and nightmares, and at times having agoraphobia – which all make it very difficult for him at times to leave his home and function in a work setting." Tr. 345. NP Smith further stated she believes "it is impossible for [plaintiff] to hold down a job." *Id*. The ALJ rejected this opinion as "broad and conclusory" because NP Smith failed to provide any opinion as to plaintiff's vocational abilities and limitations. Tr. 441. The Court

---

[3] For claims filed on or after March 27, 2017, nurse practitioners are among the list of acceptable medical sources. LCSWs are not considered an acceptable medical source under either the old or new standards. 20 C.F.R. §§ 404.1502(a)(7); 416.902(a)(7).

Page 5 – OPINION & ORDER

agrees that this opinion does not contain any specific work-related limitations or opinions as to what plaintiff is capable of doing despite his impairments. See 20 C.F.R. §§ 404.1527(a)(1); 416.927(a)(1) (medical opinions state what the claimant can do despite the impairments and mental or physical restrictions). Thus, the ALJ did not err in rejecting NP Smith's October 2014 opinion.

In August 2015, NP Smith provided a second opinion in a checkbox form, wherein she opined plaintiff was unable to meet competitive standards in twelve of twenty-five areas. Tr. 346-47. The ALJ rejected this opinion because it contained "no substantive discussion on what objective evidence, if any, she based the proffered limitations." Tr. 441. Here, again, the Court agrees with the ALJ's conclusions. The checkbox form does not contain any explanation or evidence on which NP Smith based her limitations. An ALJ need not accept the opinion of a treating medical source if that opinion is "brief, conclusory, or inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Moreover, the ALJ pointed out that NP Smith's opinion conflicted with the fact that plaintiff had been able to engage in work above SGA levels during the relevant period. Tr. 441. Finally, the ALJ pointed out that NP Smith's own treatment notes show that, when taking his medications as prescribed, plaintiff's symptoms improved. Tr. 435. Thus, the ALJ did not err in discounting the medical source statement from NP Smith.

2. NP Bush

In November 2016, NP Bush provided a medical source statement that plaintiff could not "hold a job" and was "not "functioning mentally at the level necessary to hold any type of gainful employment." Tr. 363-65. The ALJ reasonably discounted NP Bush's statements because they "predate[d] [plaintiff's] engagement in [substantial gainful activity] from the third quarter of 2018 through the second quarter of 2019 and from the fourth quarter of 2020 through the first quarter of

2021." Tr. 442. Moreover, the ALJ noted that NP Bush did not provide any opinion as to plaintiff's "vocational abilities and limitations." Tr. 442. Thus, the ALJ did not err in assigning little weight to NP Bush's opinion.

### 3. LCSW Johansson

In November 2016, LCSW Johansson submitted a letter in support of plaintiff's disability claim. Tr. 422. Ms. Johansson stated that plaintiff's PTSD, agoraphobia, social phobia, and generalized anxiety disorder would "make[] for an extremely difficult time to find gainful employment in any conceivable setting, even a sedentary, low skill job environment." Tr. 422. The ALJ discounted this statement, noting "a[]s with Ms. Smith's statement from October 2014, the undersigned finds this broad and conclusory comment to reach a conclusion that is reserved to the Commissioner." Tr. 441. Additionally, the ALJ noted Ms. Johansson's opinion was inconsistent with records showing plaintiff "was able to comport himself appropriately, to follow directions from the treatment provider, and from a consultative examiner." *Id*. Finally, the ALJ pointed out that Ms. Johansson's opinion was inconsistent with subsequent work performed above substantial gainful activity levels. *Id*. The ALJ's conclusions are reasonable and will thus not be disturbed.

As such, the Court concludes the ALJ sufficiently evaluated plaintiff's symptom testimony and the medical opinion of Dr. Reynolds, and medical source statements of NPs Smith and Bush, and LCSW Johansson. Accordingly, this Court finds no grounds for reversing the ALJ's decision therefore the Commissioner's decision is upheld.

///

///

///

///

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED. The Clerk is directed to enter a judgment accordingly.

DATED this 29th day of October, 2024.

/s/ Jolie A. Russo<br>
JOLIE A. RUSSO<br>
United States Magistrate Judge